UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JENNIFER STOECKLIN<br>1792 Cove Circle West<br>Lawrenceburg, IN 47025 | : <br> : <br> : <br> : | CASE NO.<br><br>Judge |
| Plaintiff, | : <br> : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| v. | : <br> : | |
| HUBERT COMPANY, LLC<br>9555 Dry Fork Road<br>Harrison, Ohio 45030 | : <br> : <br> : <br> : | |
| Defendant. | : | |

## I. INTRODUCTION

After conducting a thorough investigation of the Charge of Discrimination Plaintiff Jennifer Stoecklin (hereafter "Plaintiff") filed against Defendant Hubert Company, LLC (hereafter "Defendant" or "Defendant Company"), the Equal Employment Opportunity Commission ("EEOC") found in favor of Plaintiff and against Defendant Company that Plaintiff had been sexually harassed in violation of Title VII. Plaintiff had alleged she had been sexually harassed by her supervisor Chad Dils ("Dils") and Defendant Company had failed to take reasonable care to prevent the harassment. The EEOC found in favor of Plaintiff and against Defendant Company with respect to these allegations:

> The Charging Party [Plaintiff] alleges that she was subjected to sexual harassment by her supervisor [Dils] and that the Respondent [the Company] failed to take reasonable care to prevent the harassment…. Based upon its investigation, the Commission finds that the Charging Party [Plaintiff] was sexually harassed, in violation of Title VII.

*EEOC Determination*, dated April 21, 2020.

-1-

Having found in favor of Plaintiff and against Defendant Company, the EEOC issued to Plaintiff on or after May 18, 2020 a Notice of Right to Sue authorizing her to bring this action against the Company. Plaintiff files this action accordingly.

## II. THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff was employed by Defendant, a subsidiary of TAKKT AG ("TAKKT").

2. Defendant has at all material times employed at least twenty (20) persons in the State of Ohio.

3. Defendant is an employer within the meaning of Section 4112.01(A)(2) of the Ohio Revised Code and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII").

4. This Court has jurisdiction of this action under 28 U.S.C. §1331 because it arises under Title VII.

5. This Court also has jurisdiction of this action under 28 U.S.C. §1332 because it is a dispute between Citizens of different States and the matter in controversy, exclusive of interest and costs, is greater than $75,000.

6. This Court also has jurisdiction of the state law claims alleged herein under 28 U.S.C. §1367.

7. Defendant has at all material times done business in Hamilton County, Ohio.

8. In addition, Defendant employed Plaintiff in, and Plaintiff was harmed by the wrongful conduct alleged herein, in Hamilton County, Ohio.

9. This action is properly venued in the Southern District of Ohio, Western Division, at Cincinnati.

## II. FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendant in a sales capacity.

11. From November 2018 to the end of her employment, Plaintiff was employed in the position of Director of Strategic Partnerships.

12. In December 2018, Dils became Plaintiff's immediate supervisor.

13. At all material times Defendant employed Dils as Business Development Manager.

14. The actions and conduct of Dils alleged herein were within the scope of his employment and agency with Defendant.

15. Dils reported to Chris Lewis, Vice President of Sales, who in turn reported to Mark Rudy, President of HUNA (Hubert North America). Rudy in turn reported to TAKKT.

16. Defendant, acting through Dils, subjected Plaintiff to an unwelcome and severe sexually hostile work environment, which included Dils' repeated aggressive and unwelcome physical and verbal sexual advances on May 17, 2019.

17. Plaintiff complained to Defendant about Dils' sexually harassing conduct.

18. Defendant had failed to take effective action to <u>prevent</u> the sexual harassment about which Plaintiff complains herein:

    A. Defendant's Human Resources policies and programs were neither designed nor administered to prevent such harassment.

    B. Defendant's sexual harassment program, to the extent one existed, was ineffective.

    C. Defendant had failed to provide adequate sexual harassment training.

    D. The only mandatory sexual harassment training was provided <u>only after</u> the sexual harassment about which Plaintiff complains herein.

19. After investigating Plaintiff's complaint, Defendant determined it was well founded and terminated Dils.

20. In addition to subjecting Plaintiff to a sexually hostile work environment, Defendant discriminated against her because of her sex in terms of her compensation:

    A. Patrick Casey, the man in the position Plaintiff occupied, Director of Strategic Partnerships, received a higher base compensation than Plaintiff.

    B. There is no legitimate, non-discriminatory reason for this disparity in compensation.

21. Defendant's failure to prevent and then to effectively address the consequences of the sexual harassment about which Plaintiff complains herein had severe adverse effects on Plaintiff's health.

    A. These adverse effects on Plaintiff's health caused her to be absent from work in order to be treated for and to recover from them.

    B. From June 6, 2019 to July 22, 2019, Plaintiff was absent from work under the Family Medical Leave Act ("FMLA").

    C. When Plaintiff returned from leave, Katina Dils ("Mrs. Dils"), an employee of Defendant and Dils' wife, engaged in conduct calculated to embarrass and intimidate Plaintiff. For example, Mrs. Dils hovered around Plaintiff at work when she had no legitimate reason to be around her and she (Mrs. Dils) spread rumors in the workplace about Plaintiff, including that

   she (Plaintiff) had falsely accused her husband of sexual harassment, thereby causing his employment with the Company to terminate.

D.  Plaintiff brought Mrs. Dils' conduct to the attention of Lisa Van Sant ("Van Sant"), Defendant's responsible Human Resources representative. Defendant took no action to prevent Mrs. Dils' conduct from continuing. On May 20, 2019, when Plaintiff first addressed her concerns to Van Sant, Van Sant dismissed them, telling her the Defendant cannot prevent rumors.

E.  On August 6, 2019, Plaintiff attended sexual harassment training conducted by Katherine Hammett ("Hammett"), the Vice President, Organizational Development, of TAKKT.

F.  Despite her previous complaints about Mrs. Dils' conduct, Defendant assigned Mrs. Dils to attend the same training session it assigned Plaintiff to.

G.  Defendant's decision to assign Mrs. Dils and Plaintiff to the same sexual harassment training session rightfully upset Plaintiff.

H.  Hammett made several statements during the training session that also rightfully upset Plaintiff.

I.  For example, Hammett stated it was the Defendant's responsibility to address rumors because they contribute to a hostile work environment. Hammett's statement contradicted Van Sant's statement to Plaintiff on May 20, 2019.

J. Another example: Hammett stated during the training session that theretofore "we were lucky enough not to encounter harassment outside of work."

K. When Plaintiff told Hammett of Dils' conduct toward her, she (Hammett) professed to be unaware of it, even though she is a superior of Van Sant and the TAKKT official responsible for providing sexual harassment training.

L. The next day, August 7, 2019, Plaintiff had an acute onset of symptoms when she attempted to reengage with Van Sant and Hammett.

M. This in turn caused Plaintiff to return to leave under the FMLA that day.

22. Plaintiff's absences from work caused by Defendant's conduct adversely affected her compensation and compensation opportunities.

23. By its conduct, including the creation of an environment of severe and unwelcome sexual harassment, and its subsequent failure to effectively address the consequences of this environment, all of which caused Plaintiff severe physical and emotional distress, Defendant created for Plaintiff working conditions so intolerable that a reasonable person in her situation would have felt compelled to leave her employment.

24. Defendant thereby constructively discharged Plaintiff as of October 30, 2019.

25. Plaintiff continues to suffer a loss of income because of her constructive discharge.

## COUNT I
### Sexual Harassment
### Sex Discrimination
### (Title VII)

26. Plaintiff realleges paragraphs 1 through 25 of this Complaint.

27. By subjecting Plaintiff to a sexually hostile working environment, by discriminating against her because of her sex, and by constructively discharging her, as alleged herein, Defendant violated Title VII.

28. Plaintiff filed a timely Charge of Discrimination with the EEOC.

29. After thoroughly investigating Plaintiff's Charge and finding in her favor, as alleged herein, the EEOC issued to Plaintiff with respect to her Charge, as amended, a Notice of Right to Sue on or after May 18, 2020.

30. All conditions precedent to the maintenance of this action under Title VII have been satisfied or have occurred.

## COUNT II
### Sexual Harassment
### Sex Discrimination
### (Ohio Law)

31. Plaintiff realleges paragraphs 1 through 30 of this Complaint.

32. By subjecting Plaintiff to a sexually hostile working environment, by discriminating against her because of her sex, and by constructively discharging her, as alleged herein, Defendant violated Section 4112.02(A) of the Ohio Revised Code and is subject to this civil action pursuant to Section 4112.99 of the Ohio Revised Code.

## COUNT III
### Assault

33. Plaintiff realleges paragraphs 1 through 32 of this Complaint.

34. Dils' actions on May 17, 2019 were a willful threat and attempt to touch Plaintiff in an offensive manner.

35. Dils' actions placed Plaintiff in fear of such offensive contact.

36. Dils' actions constitute the tort of assault.

37. Dils' actions were willful, wanton, malicious, and in reckless disregard of the rights and safety of Plaintiff.

38. Dils was Plaintiff's supervisor and his actions were taken within the course of his employment with Defendant. Therefore Defendant is vicariously liable for the actions of Dils.

## COUNT IV
### Battery

39. Plaintiff realleges paragraphs 1 through 38 of this Complaint.

40. On May 17, 2019 Dils attempted to commit a harmful touching of Plaintiff which in fact resulted in a harmful and offensive contact with Plaintiff.

41. Dils' actions constitute the tort of battery.

42. Dils' actions were willful, wanton, malicious, and in reckless disregard of the rights and safety of Plaintiff.

43. Dils was Plaintiff's supervisor and his actions were taken within the course of his employment with Defendant. Therefore Defendant is vicariously liable for the actions of Dils.

## COUNT V
### Negligent Infliction of Emotional Distress

44. Plaintiff realleges paragraphs 1 through 43 of this Complaint.

45. Dils' actions on May 17, 2019 were extreme, outrageous, and exceeded all possible bounds of decency.

46. Dils' actions caused Plaintiff to fear for her physical safety.

47. Dils knew or should have known that his actions would cause Plaintiff to fear for her physical safety and would result in serious emotional distress.

48. As a direct and proximate result of Dils' actions, Plaintiff suffered serious emotional distress, mental anguish, and psychic injury, all of which caused Plaintiff to take leaves of absence from work and to seek medical and psychological treatment.

49. Dils' actions were willful, wanton, malicious, and in reckless disregard of the rights and safety of Plaintiff.

50. Dils was Plaintiff's supervisor and his actions were taken within the course of his employment with Defendant. Therefore Defendant is vicariously liable for the actions of Dils.

## COUNT VI
### Intentional Infliction of Emotional Distress

51. Plaintiff realleges paragraphs 1 through 50 of this Complaint.

52. Dils' actions on May 17, 2019 were extreme, outrageous, and exceeded all possible bounds of decency.

53. Dils intended that his actions would cause Plaintiff serious emotional distress.

54. As a direct and proximate result of his actions, Plaintiff suffered serious emotional distress, mental anguish, and psychic injury, all of which caused Plaintiff to take leaves of absence from work and to seek medical and psychological treatment.

55. Dils' actions were willful, wanton, malicious, and in reckless disregard of the rights and safety of Plaintiff.

56. Dils was Plaintiff's supervisor and his actions were taken within the course of his employment with Defendant. Therefore Defendant is vicariously liable for the actions of Dils.

## COUNT VII
### Negligent Supervision And/Or Retention

57. Plaintiff realleges paragraphs 1 through 56 of this Complaint.

58. Dils was an employee of Defendant and Plaintiff's immediate supervisor.

59. Shortly after Plaintiff learned that Dils had become her supervisor, one of her co-workers warned her that Dils had flirted with another female co-worker and at a sales conference he (Dils) told other male employees of his behavior.

60. The Defendant failed to adequately train and supervise Dils so as to prevent his harassing and tortious conduct towards Plaintiff. As a result, Defendant breached its duty to provide Plaintiff a safe working environment.

61. As demonstrated by his harassing and tortious actions against Plaintiff, Dils was incompetent.

62. Defendant had actual or constructive knowledge of Dils' incompetence.

63. Despite this knowledge, Defendant retained Dils as an employee.

64. As a direct and proximate result of Defendant's failure to train and supervise Dils, and its retention of him as an employee, Plaintiff suffered the severe emotional and physical injuries resulting from the sexual harassment and tortious conduct alleged herein.

WHEREFORE, Plaintiff demands judgment against Defendant for an amount to be determined at trial, for interest, costs and attorney's fees. Specifically, Plaintiff demands compensatory and punitive damages, back pay and lost benefits, reinstatement or front pay in lieu thereof, attorney's fees and costs, pre and post-judgment interest and all other appropriate legal, declaratory and equitable relief to which she may be entitled.

Respectfully submitted,

 /s/ Martin McHenry
**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
414 Walnut Street, Suite 315
Cincinnati, OH 45202
Phone: 513-241-0441
e-mail: martinm@mmchenrylaw.com

 /s/ Douglas M. Morehart, per authorization
**DOUGLAS M. MOREHART (0038668)**
Attorney for Plaintiff
Saull Law Offices, LLC
106 South Sandusky Avenue
Upper Sandusky, Ohio 43351
419-731-4070
513-256-1659 - cell
doug@saull-law.com

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

                                       Respectfully submitted,

                                       */s/ Martin McHenry*
                                       **MARTIN McHENRY (0022543)**
                                       Trial Attorney for Plaintiff
                                       414 Walnut Street, Suite 315
                                       Cincinnati, OH  45202
                                       Phone:  513-241-0441
                                       e-mail:  martinm@mmchenrylaw.com

                                       */s/ Douglas M. Morehart, per authorization*
                                       **DOUGLAS M. MOREHART (0038668)**
                                       Attorney for Plaintiff
                                       Saull Law Offices, LLC
                                       106 South Sandusky Avenue
                                       Upper Sandusky, Ohio 43351
                                       419-731-4070
                                       513-256-1659 - cell
                                       doug@saull-law.com